IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SIMPLEX, INC., an Illinois Corporation )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GLOBAL SOURCE ONE INTERNATIONAL, INC., )<br>a California Corporation; AMERICAN GUARD )<br>SERVICES, INC., a California Corporation, )<br>)<br>Defendants. ) | Case No._____ |

## COMPLAINT

Plaintiff, SIMPLEX INC. ("Simplex"), an Illinois Corporation, by and through its attorneys, Sorling Northrup, David A. Rolf, James G. Fahey and Lisa A. Petrilli, of Counsel, for its Complaint against Defendants, GLOBAL SOURCE ONE INTERNATIONAL, INC. ("GSO"), a California Corporation, and AMERICAN GUARD SERVICES, INC. ("AGS"), a California Corporation, states as follows:

### COMMON ALLEGATIONS

### PARTIES INVOLVED

1. Simplex is and was at all relevant times hereto a corporation organized and operated in the State of Illinois, with its principal place of business in Springfield, Sangamon County, Illinois. Simplex is a high technology company that designs and manufactures electrical test systems (load banks) and fuel supply systems for the standby power generation industry.

2. GSO is a California Corporation with its headquarters in Irvine, California. Upon information and belief, GSO is a holding company that locates and acquires property for sale to government agencies including the United States Navy.

3. AGS is a California Corporation registered to do business in Illinois. Upon information and belief, AGS is a private security firm acting at times as a guarantor of GSO.

4. Upon information and belief, GSO is a subsidiary of AGS.

5. Upon information and belief, Sherine Assal is a principal of both GSO and AGS.

6. Upon information and belief, Sherif Assal is a principal of both GSO and AGS.

## Jurisdiction

7. The Court has subject matter jurisdiction of the claims asserted in this action under 28 U.S.C. §1332 because:

(a) There is complete diversity of citizenship between Plaintiff, Simplex, and Defendants, GSO and American Guard Services; and

(b) The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## Venue

8. Venue lies in this District and Division pursuant to 28 U.S.C. §1391(a) and Local Rule 40.1(B).

9. Defendants consented to venue in this District and Division through a forum selection clause in the Conditions of Sale attached and incorporated as **Exhibit 1**.

## COUNT I

### Breach of Contract
### Simplex v. GSO

1.- 9. For Paragraphs 1 through 9 of Count I Simplex repeats and realleges Paragraphs 1 through 9 of the Common Allegations.

10. GSO offered to purchase four Titan 350 load banks ("Load Banks") from Simplex for delivery to the United States Navy at Portsmouth Naval Shipyard. GSO's purchase order

numbers 3013 and 3014 for the Load Banks are attached and incorporated collectively as **Exhibit 2**.

11. Simplex accepted the offer to purchase and manufactured the Load Banks in accordance with GSO's specifications from the United States Navy. Simplex's invoice numbers 3314-79360 and 3314-79361 for the Load Banks are attached and incorporated collectively as **Exhibit 3**.

12. Additional Conditions of Sale referenced in the invoices and included as part of the transaction are already incorporated and attached as **Exhibit 1**.

13. On December 6, 2011, Simplex shipped the Load Banks to Portsmouth Naval Yard per GSO's instructions.

14. The Load Banks were accepted by GSO and the United States Navy.

15. Upon information and belief, the United States Navy tendered payment to GSO for the Load Banks and GSO accepted payment from the United States Navy for the Load Banks.

16. In accordance with the Conditions of Sale and the invoices, payment was to be made by GSO to Simplex within 30 days of December 6, 2011.

17. To date, Simplex has not received payment from GSO for the Load Banks despite Simplex's repeated efforts to obtain payment from GSO.

18. The amount due and owing by GSO to Simplex for the Load Banks is $137,480.00.

19. In accordance with the terms and conditions of payment stated on the invoices, all invoices not paid within 30 days from the date of shipment shall accrue service charges in the amount of 18% per annum commencing on the 31st day after the date of shipment.

20.  Additionally, in accordance with the terms and conditions of payment stated on the invoices, GSO is responsible for all costs incurred in collection of the unpaid invoices including but not limited to storage and handling, attorneys' fees, and court costs.

WHEREFORE, Plaintiff, SIMPLEX, INC., prays for judgment against Defendant, GLOBAL SOURCE ONE INTERNATIONAL, INC., in the amount of $137,480.00, plus service charges at 18% per annum from January 6, 2012, until paid in full, plus attorneys' fees, court costs, and other costs of collection, plus any other relief that this Court deems just.

## COUNT II

### Breach of Contract / Guarantee
### Simplex v. AGS

1. - 20. For Paragraphs 1 through 20 of Count II, Simplex repeats and realleges Paragraphs 1 through 20 of Count I.

21.  GSO and AGS are related entities and share common principals.

22.  As part of the conditions of sale of the Load Banks to GSO, AGS agreed to guarantee GSO's debt to Simplex. A copy of the Credit Information signed by Sherif Assal is attached and incorporated as **Exhibit 4**. A copy of the Cross Corporate Guarantee letter from AGS is attached as **Exhibit 5**.

23.  Because GSO refused to tender payment to Simplex, Simplex demanded payment from AGS in accordance with the Cross Corporate Guarantee.

24.  Despite Simplex's demand for payment, AGS failed to make payment in accordance with the Cross Corporate Guarantee.

25.  AGS is responsible for the unpaid amount due on GSO's Simplex account in accordance with the Cross Corporate Guarantee.

WHEREFORE, Plaintiff, SIMPLEX, INC., prays for judgment against Defendant, AMERICAN GUARD SERVICES, INC., in the amount of $137,480.00, plus service charges at 18% per annum from January 6, 2012, until paid in full, plus attorneys' fees, court costs, and any other costs of collection, plus any other relief that this Court deems just.

### COUNT III

### Fraudulent Inducement
### Simplex v. GSO

1.-9. For Paragraphs 1 through 9 of Count III, Simplex repeats and realleges Paragraphs 1 through 9 of the Common Allegations.

10. GSO offered to purchase four Titan 350 load banks ("Load Banks") from Simplex and sought to pay for the Load Banks within 45 days from the date of shipment.

11. Simplex's common practice is to require prepayment in full prior to shipment or cash on delivery for all orders unless the purchaser has an open account with Simplex.

12. Simplex notified GSO that it would not ship the Load Banks until they were paid in full.

13. GSO did not meet Simplex's requirements to have an open account.

14. GSO sought to obtain better terms from Simplex and proposed that AGS guarantee GSO's open account with Simplex.

15. GSO's principals made statements in which they assured Simplex they would pay in accordance with the terms of an open account.

16. GSO's principals made statements in which they assured Simplex that AGS would be responsible for GSO's debt to Simplex should GSO fail to pay in accordance with the terms.

17. GSO's principals including Edward Angelino, made statements in which they assured Simplex they would submit for accelerated payments from the United States Navy and in turn expedite payment to Simplex.

18. GSO and AGS working together both submitted financials executed by Sherif Assal, a principal in both entities, to induce Simplex to agree to more favorable terms.

19. GSO caused a Cross Corporate Guarantee to be tendered to Simplex by AGS.

20. At the time that GSO made statements to Simplex that it would pay in accordance with the terms, GSO knew that the statements were false.

21. At the time that GSO made statements to Simplex that AGS would guarantee GSO's debt, GSO knew that the statements were false.

22. At the time that GSO made statements to Simplex that it would expedite payment to Simplex, GSO knew that the statements were false.

23. GSO's statements it would pay for the Load Banks and that AGS would guarantee its debt to Simplex were communicated to Simplex in order to induce Simplex to ship the Load Banks without first receiving payment from GSO.

24. Simplex, in reliance on GSO's false statements, did not require payment in full prior to shipment or cash on delivery.

25. Simplex, in reliance of GSO's false statements, shipped the Load Banks on December 6, 2011 for payment within 30 days of the date of shipment.

26. GSO failed to tender payment by January 6, 2012.

27. Simplex has been damaged in the amount of $137,480.00.

WHEREFORE, Plaintiff, SIMPLEX, INC., prays for judgment against Defendant, GLOBAL SOURCES ONE INTERNATIONAL, INC., in the amount of $137,480.00, plus

punitive damages, plus post judgment interest, plus costs, plus any other relief that this Court deems just.

## COUNT IV

### Fraudulent Inducement
### Simplex v. AGS

1. - 9.   For Paragraphs 1 through 9 of Count IV, Simplex repeats and realleges Paragraphs 1 through 9 of the Common Allegations.

10.   GSO, AGS's subsidiary, offered to purchase four Titan 350 load banks ("Load Banks") from Simplex and sought to pay for the Load Banks within 45 days from the date of shipment.

11.   Simplex's common practice is to require prepayment in full prior to shipment or cash on delivery for all orders unless the purchaser has an open account with Simplex.

12.   Simplex notified GSO that it would not ship the Load Banks until they were paid in full.

13.   GSO did not meet Simplex's requirements to have an open account.

14.   GSO sought to obtain better terms from Simplex and proposed that AGS guarantee GSO's open account with Simplex.

15.    AGS's principals made statements in which they assured Simplex they would pay in accordance with the terms of an open account should GSO fail to pay.

16.   GSO and AGS working together both submitted financials executed by Sherif Assal, a principal in both entities, to induce Simplex to agree to more favorable terms.

17.   AGS tendered a Cross Corporate Guarantee to be tendered to Simplex on behalf of GSO.

18. At that time that AGS made statements to Simplex that it would guarantee GSO's debt, AGS knew that the statements were false.

19. AGS's statements that it would guarantee its debt to Simplex were communicated to Simplex in order to induce Simplex to ship the Load Banks without first receiving payment from GSO, AGS's subsidiary.

20. Simplex, in reliance on AGS's false statements, did not require payment in full from GSO prior to shipment or cash on delivery.

21. Simplex, in reliance of AGS's false statements, shipped the Load Banks on December 6, 2011 for payment within 30 days of the date of shipment.

22. GSO failed to tender payment by January 6, 2012.

23. AGS failed to tender payment in accordance with the Cross Corporate Guarantee.

24. Simplex has been damaged in the amount of $137,480.00.

WHEREFORE, Plaintiff, SIMPLEX, INC., prays for judgment against Defendant, AMERICAN GUARD SERVICES, INC., in the amount of $137,480.00, plus punitive damages, plus post judgment interest, plus costs, plus any other relief that this Court deems just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

SIMPLEX INC., an Illinois Corporation, Plaintiff,

By: /s/ David A. Rolf
David A. Rolf, #6196030
Attorney for Plaintiff
Sorling Northrup
1 North Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, IL 62705
Telephone: (217) 544-1144
Email: darolf@sorlinglaw.com