IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SIMPLEX, INC., an Illinois Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-3101 |
| | ) | |
| GLOBAL SOURCE ONE INTERNATIONAL, INC., a California Corporation; AMERICAN GUARD SERVICES, INC., a California Corporation, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on the Motion to Strike Plaintiff's Request for Attorney Fees Pursuant to Federal Rule of Civil Procedure 12(f) (d/e 12) and Motion to Dismiss Count IV of the Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) (d/e 13) filed by Defendant American Guard Services, Inc. (AGS). For the reasons that follow, the Motion to Strike Request for Attorney Fees is DENIED and the Motion to Dismiss Count IV of the Complaint is GRANTED.

I.  BACKGROUND

On March 30, 2012, Plaintiff Simplex, Inc. filed a four-count Complaint based on diversity jurisdiction against Defendants AGS and Global Source One International, Inc. (GSO).  See Compl. (d/e 1).  The Complaint contains claims arising from a contract to purchase "load banks" from Plaintiff and also alleges fraudulent inducement in the formation of the contract to purchase.  See Compl.  Specifically, the Complaint alleges that GSO purchased load banks from Plaintiff but failed to pay for them.  According to Plaintiff, GSO and AGS are related entities who share common principals and, as part of the condition of sale of the load banks to GSO, AGS agreed to guarantee GSO's debt to Plaintiff.  When Plaintiff demanded payment from AGS, AGS failed to pay.  Plaintiff further alleges that GSO's and AGS's principals made statements assuring Plaintiff they (the principals) would be responsible for GSO's debt should GSO fail to pay.

Plaintiff brings two claims against AGS: (1) Breach of Contract/Guarantee (Count II); and (2) Fraudulent Inducement (Count

IV).  In the prayer for relief in Count II, Plaintiff requests attorney fees.

Only AGS has been served.  See Order of Default (d/e 7) (finding that service had not been perfected on GSO).  Although an entry of default judgment was initially entered against AGS, this Court set the entry of default aside on July 17, 2012.  See Opinion (d/e 11).   AGS has now filed an Answer, Affirmative Defenses, and Cross Claim (d/e 14) and the two motions at issue herein.

## II.  ANALYSIS

A.  <u>Motion to Strike Pursuant to Rule 12(f)</u>

AGS requests that the Court strike Plaintiff's request for attorney fees because the purported guarantee documents (Exhibits 4 and 5) do not provide for attorney fees.  Plaintiff responds that AGS, by virtue of the guarantee, agreed to the terms and conditions of the transaction itself, including the terms in the two invoices (Exhibit 3) that provide that the purchaser is responsible for all collection costs.

The Cross Corporate Guarantee states that GSO is a subsidiary of AGS, that AGS "will cross guarantee GSO", and that the "account will be

set up under GSO." See Exhibit 5. The invoices in question, which identify GSO as the purchaser, provide that "[t]he purchaser will be responsible for all collection costs if this invoice is not paid pursuant to its terms and conditions." See Exhibit 3.

Pursuant to the Federal Rules of Civil Procedure, the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[M]otions to strike are not favored and will be denied unless the language in the pleading has no relation to the controversy and is unduly prejudicial." Circuit Sys., Inc. v. Mescalero Sales, Inc., 925 F. Supp. 546, 548 (N.D. Ill. 1996).

The Motion to Strike is denied. Plaintiff's request for attorney fees is not redundant, immaterial, impertinent, or scandalous. Moreover, whether Plaintiff is entitled to attorney fees based on the language in the guarantee and/or invoices is more appropriately decided on a motion for summary judgment. See, e.g., Negro Nest, LLC v. Mid-Northern Mgmt., Inc., 362 Ill. App. 3d 640, 651 (2005) (finding that contract that

provided for "all costs of collections," where no evidence was presented on the parties' meaning of the phrase, did not include attorney fees); Cohen v. Continental Illinois Nat. Bank & Trust Co. of Chi., 248 Ill. App. 3d 188, 192 (1993) ("A guarantor is not liable for anything to which he did not agree"); Boulevard Bank Nat'l Ass'n v. Philips Med. Sys., Intern. B.V., 15 F.3d 1419, 1426 (7th Cir. 1994) (construing "collections costs" as including attorney fees).

B.    Motion to Dismiss Pursuant to Rule 12(b)(6)

AGS has also moved to dismiss Count IV, the fraudulent inducement claim, for failure to state a claim. Specifically, AGS asserts that the allegations are insufficient to meet the pleading standard set forth in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Under Rule 12(b)(6), dismissal is proper where a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded

allegations as true and draw all inferences in favor of the non-moving party." In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009) (citing Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008)). "[T]he complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007).

For allegations of fraud, "a party must state with particularity the circumstances constituted fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b); see also General Ins. Co. of America v. Clark Mali Corp., 2010 WL 1286076, at *7 (N.D. Ill. 2010) (under Twombly and Iqbal, "the idea is to state enough facts to present a plausible claim for relief. Where the claim involves fraud, more is required"). "The circumstances of fraud or mistake include 'the identity of the person who

made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc., 536 F.3d 663, 668 (7th Cir. 2008) (quoting General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1078 (7th Cir. 1997) (quotation omitted)).

To state a claim for fraudulent inducement under Illinois law, a plaintiff must allege: "(1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance." Hoseman v. Weinschneider, 322 F.3d 468, 476 (7th Cir. 2003) (quotations and citations omitted).  In Count IV, Plaintiff alleges that GSO offered to purchase load banks from Plaintiff and sought to pay for those load banks within 45 days of the date of shipment.  Compl. ¶ 10.  It was Plaintiff's practice to require prepayment in full or cash on delivery unless the purchaser had an open account with Plaintiff.  Compl.

¶ 11. GSO did not meet Plaintiff's requirements to have an open account, and Plaintiff notified GSO that Plaintiff would not ship the load banks until they were paid in full.  Compl. ¶¶ 12, 13.  GSO proposed that AGS guarantee GSO's open account with Simplex.  Compl. ¶ 14.

Plaintiff alleges that "AGS's principals made statements in which they assured [Plaintiff] they would pay in accordance with the terms of an open account should GSO fail to pay."  Compl. ¶ 15; see also Compl. ¶¶ 5, 6 (identifying, on information and belief, that GSO's and AGS's principals are Sherine Assal and Sherif Assal).  "GSO and AGS working together both submitted financials executed by Sherif Assal, a principal in both entities, to induce [Plaintiff] to agree to more favorable terms."  Compl. ¶ 16.  "AGS tendered a Cross Corporate Guarantee to be tendered to [Plaintiff] on behalf of GSO."  Compl. ¶ 17.

Plaintiff further alleges that "[a]t that time that AGS made statements to [Plaintiff] that it would guarantee GSO's debt, AGS knew that the statements were false."  Compl. ¶ 18.  AGS's statements that it would guarantee its debt to Plaintiff were communicated to Plaintiff to

induce Plaintiff to ship the load banks without first receiving payment from GSO, AGS's subsidiary. Compl. ¶ 19. Plaintiff, in reliance on AGS's false statements, did not require payment in full from GSO prior to shipment or cash on delivery and shipped the load banks on December 6, 2011. Compl. ¶¶ 20, 21. GSO failed to tender payment when due, and AGS failed to tender payment in accordance with the Cross Corporate Guarantee. Compl. ¶¶ 22, 23. As a result, Plaintiff has suffered damages in the amount of $137,480. Compl. ¶ 24.

The Court finds that Plaintiff has failed to plead with particularity the circumstances constituting the fraud. Although Plaintiff alleges that AGS's principals made the statements, Plaintiff does not allege when the statements were made, where the statements were made, the method by which the statements were made, the content of the statements (other than the general allegation that AGS would guarantee GSO's debt), or the reason why the statements were fraudulent. See, e.g., Fifth Third Bank (Chicago) v. Stocks, 265 F.R.D. 316, 319 (N.D. Ill. 2010) (finding the plaintiff failed to state a claim for fraud in the inducement where the

plaintiff failed to plead "the identity of the person who made the representation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the [claimant]" (citations omitted)); Lululemon USA, Inc. v. 109 N. State Retail, LLC, 2009 WL 1732103, at *3 (N.D. Ill. 2009) (finding that the plaintiff failed to plead with particularity the identity of the party making one of the misrepresentations, when the misrepresentations were made, the place the misrepresentations were made, and the method by which the misrepresentations were made); In re Neale, 440 B.R. 510, 518 (Bankr. W.D. Wis. 2010) ("A complaint which fails to identify the fraudulent statements or the reasons why they are fraudulent does not satisfy the particularity requirements of Rule 9(b)").  Therefore, Count IV is dismissed, but the dismissal is without prejudice.

### III.  CONCLUSION

For the reasons stated, Defendant AGS's Motion to Strike Plaintiff's Request for Attorney Fees Pursuant to Federal Rule of Civil Procedure 12(f) (d/e 12) is DENIED and Defendant AGS's Motion to

Dismiss Count IV of the Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) (d/e 13) is GRANTED.  Count IV is DISMISSED without prejudice.  Plaintiff is granted leave to re-file within 14 days.

ENTERED: August 23, 2012

FOR THE COURT:

                                                  s/ Sue E. Myerscough  
                                           SUE E. MYERSCOUGH  
                               UNITED STATES DISTRICT JUDGE